UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN MCMINN, JUSTIN YOUNG,
and COREY JACKSON, individually and on
behalf of all other similarly situated persons,

    Plaintiffs,

v.                                                                 Case No. 8:24-cv-1498-TPB-CPT

ATP FLIGHT ACADEMY, LLC, et al.,

    Defendants.

_____/

**ORDER DENYING IN PART AND DEFERRING IN PART
PLAINTIFFS' "EMERGENCY MOTION FOR A TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION"**

This matter is before the Court on Plaintiffs' "Emergency Motion for a Temporary Restraining Order and Preliminary Injunction," filed by counsel on September 13, 2024. (Doc. 32). After reviewing the motion, court file, and the record, the Court finds as follows:

Plaintiffs – including current and former flight instructors – have sued Defendants ATP Flight Academy, LLC, ATP USA, Inc., and ATP Flight Academy of Arizona, LLC for violations of the Fair Labor Standards Act ("FLSA"), alleging that Defendants misclassified them as independent contractors rather than employees. On September 4, 2024, Plaintiffs filed an amended complaint. (Doc. 25). Defendant ATP USA, Inc. was served on September 6, 2024. (Doc. 27). It does not appear the other Defendants have been served.

According to Plaintiffs, "one business day after service" of the amended complaint, Defendants fired 13 of the opt-in plaintiffs because of their participation in the FLSA collective action. Defendants allegedly indicated that these workers would only be rehired they agreed to drop their claims and withdraw from this action. Plaintiffs now move – nearly a week later – for an order restraining Defendants from retaliating against their workers, including by terminating them, in violation of the FLSA.[1]

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b); M.D. Fla. Local Rule 6.01. A motion seeking a temporary restraining order must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical. *See Martinez Serna v. Bailey Farms South, LLC*, No. 2:21-cv-237-SPC-MRM, 2021 WL 1060176, at *1-2 (M.D. Fla. Mar. 19, 2021).

Plaintiffs have failed to plead or demonstrate that notice and a hearing on the motion is impossible or impractical. Although Plaintiffs indicate that counsel Karen Kithan Yau left "urgent messages" for ATP's general counsel's office and reached out to an executive vice president on Monday, September 9th, Plaintiffs do not provide any reason why formal notice should not be required here and an

---

[1] The "emergency motion" was filed at around 3:45 p.m. on a Friday afternoon.

opportunity to be heard given to Defendants. *See Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 432 n.7 (1974) (acknowledging that "informal notice and a hastily arranged hearing are to be preferred to no notice or hearing at all"); *Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175, 180 (1968) (recognizing "a place in our jurisprudence for *ex parte* issuance, without notice, of temporary restraining orders of short duration" but not "where no showing is made that it is impossible to serve or to notify the opposing parties and to give them an opportunity to participate"). Absent a showing of true emergency, the Court is not able to address Plaintiffs' allegations without input from Defendants.[2]

Because Plaintiffs have failed to meet the high burden for the issuance of a TRO, Plaintiffs' "Emergency Motion and Memorandum of Law in Support of Preliminary Injunction and/or Temporary Restraining Order" must be denied. Although Plaintiffs are not entitled to a TRO, the Court will consider the motion for

---

[2] The Court notes that in most of the cases cited by Plaintiffs in support of their motion, those courts granted injunctive relief only *after* the defendants had an opportunity to be heard. *See, e.g.*, *Clincy v. Galardi S. Enterprises, Inc.*, No. 1:09-cv-2082-RWS, 2009 WL 2913208, at *1-3 (N.D. Ga. Sept. 2, 2009) (granting reinstatement following a hearing "at which Plaintiffs and Defendants were each represented by counsel"); *Scalia v. Unforgettable Coatings, Inc.*, 455 F. Supp. 3d 987, 991 (D. Nev. 2020) (granting preliminary injunction after considering defense's written opposition and oral arguments at hearing); *Ojeda-Sanchez v. Bland Farms*, 600 F. Supp. 2d 1373, 1378-81 (S.D. Ga. Mar. 4, 2009) (granting limited protective order after considering evidence and arguments of defense); *Rogers v. WEBstaurant Store*, Inc., No. 4:18-cv-74-JHM, 2018 WL 3058882, at *1-4; 6-7 (W.D. Ky. June 20, 2018) (granting injunctive relief after considering defense response); *Agerbrink v. Model Serv. LLC*, No. 14 Civ 7841 (JPO)(JCF), 2015 WL 6473005, at *2; 12 (S.D.N.Y. Oct. 27, 2015) (granting injunctive relief after considering defense response), *vacated by* 2017 WL 4876221, at *2 (S.D.N.Y. May 23, 2017).

preliminary injunction after Defendants are served with a complaint and a copy of any such motion and given an opportunity to respond.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)   Plaintiffs' "Emergency Motion for a Temporary Restraining Order and Preliminary Injunction" (Doc. 32) is hereby **DENIED** to the extent that Plaintiffs seek a temporary restraining order.

(2)   Plaintiffs are directed to immediately serve on Defendants a copy of the summons, the amended complaint, Plaintiffs' "Emergency Motion for a Temporary Restraining Order and Preliminary Injunction," a copy of each affidavit and other paper submitted in support of the motion, and a copy of this Order.  *See* Local Rules 6.01; 6.02.

(3)   Following service and an opportunity to respond, the Court may set a hearing to address the request for preliminary injunction, if warranted.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>16th</u> day of September, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE