**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SHAWN MCMINN, et al.,

      Plaintiffs,

v.                                   Case No: 8:24-cv-1498-TPB-CPT

ATP FLIGHT ACADEMY, LLC, et al.,

      Defendants.

_____/

### <u>ORDER ON DEFENDANTS' MOTION TO COMPEL ARBITRATION</u>

This matter is before the Court on "Defendants' Motion to Compel Arbitration and Dismiss the Amended Complaint, or in the Alternative, Stay Proceedings Pending Arbitration" (Doc. 50), filed by Defendants ATP Flight Academy, LLC, ATP USA, Inc., and ATP Flight Academy of Arizona, LLC (collectively, "ATP") on September 26, 2024.  On October 24, 2024, Plaintiffs Shawn McMinn, Corey Jackson, and Justin Young filed a response in opposition to the motion, along with supporting exhibits.  (Docs. 78; 79; 80; 81; 82; 83).  After reviewing the motion, response, court file, and the record, the Court finds as follows:

## Background[1]

This case arises from a dispute under the Fair Labor Standards Act between Plaintiffs, who are flight instructors, and Defendants, who together operate flight schools across the country.

ATP provides immersive flight training to tuition-paying students through its airline career pilot program, which prepares students to become professional airline pilots. To provide this training, ATP utilizes flight instructors in 78 training locations across the United States. ATP has hiring partnerships with 38 airline, cargo, and corporate operators, including United and Delta, and successful graduates often go on to become pilots at these and other airlines.

Named Plaintiffs Shawn McMinn, Corey Jackson, and Justin Young, along with the opt-in plaintiffs, are flight instructors who currently work or have worked for ATP. Plaintiffs generally allege that ATP misclassified them as independent contractors rather than employees and has not properly compensated them for their labor and/or overtime pay. They filed this purported collective and class action to recover all unpaid overtime wages, along with liquidated and statutory damages, attorney's fees and costs, service awards, and declaratory relief.

---

[1] The Court accepts as true the facts alleged in the amended complaint (Doc. 79) for purposes of ruling on the pending motions. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). By accepting the facts as true for purposes of this motion, as is required by law, the Court has not made factual findings in favor of, or against any party.

**Legal Standard**

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, "embodies a liberal federal policy favoring arbitration agreements." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005). In fact, the Eleventh Circuit Court of Appeals has "recognized that the FAA creates a presumption of arbitrability such that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (internal quotations omitted).

"Under the FAA, a party seeking to compel arbitration must demonstrate that (a) the plaintiff entered into a written arbitration agreement that is enforceable under ordinary state-law contract principles and (b) the claims before the court fall within the scope of that agreement." *Garcia v. Church of Scientology Flag Serv. Org., Inc.*, No. 8:13-cv-220-T-27TBM, 2015 WL 10844160, at *3 (M.D. Fla. Mar. 13, 2015) (internal quotations omitted).

**Analysis**

In this case, ATP has presented evidence of presumptively valid arbitration agreements signed by Plaintiffs.[2] The arbitration agreements broadly cover "any claim, dispute, or controversy (whether in contract, tort, or otherwise) arising from or relating to this Independent Contractor Agreement or the relationships which result from this Agreement. . . ."

---

[2] The Court "may consider a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). According to ATP, "Plaintiffs and the majority of ATP flight instructors" signed these independent contractor agreements that contained an arbitration provision.

Plaintiffs do not contest the authenticity of the independent contractor agreements containing the arbitration provisions.  Rather, they oppose submitting this dispute to arbitration on other grounds, specifically arguing that Plaintiffs are, like seamen and railroad employees, a class of transportation workers engaged in interstate commerce and therefore exempt from the FAA.

The United States Supreme Court has held that the exemption in § 1 should be narrowly construed to apply only to "transportation workers." *Circuit City Stores v. Adams*, 532 U.S. 105, 119 (2001); *see also Southwest Airlines Co. v. Saxon*, 596 U.S. 450, 458 (2022) ("§ 1 exempted only contracts with transportation workers, rather than all employees, from the FAA.").  "This exclusion shows Congress's 'concern with transportation workers and their necessary role in the free flow of goods.'" *Lenz v. Yellow Transp., Inc.*, 431 F.3d 348, 351 (8th Cir. 2005) (quoting *Circuit City*, 532 U.S. at 121).  That being said, a transportation worker does not necessarily need to work in the transportation industry to be exempt under § 1 of the FAA. *Bissonnette v. LePage Bakeries Park St., LLC*, 601 U.S. 246, 256 (2024). Rather, a transportation worker is "one who is actively engaged in transportation of … goods across borders via the channels of foreign or interstate commerce" and "must at least play a direct and necessary role in the free flow of goods across borders." *Id*. at 256 (internal citations and quotations omitted).

Importantly, Plaintiffs are members of a "class of workers" based on what they do or did at ATP, not what ATP does generally or even what airlines do generally. *See Southwest Airlines Co.*, 596 U.S. at 456 (explaining that a plaintiff is a member of a "class of workers" based on what she does at the airline, not what the

airline does generally).  Although Plaintiffs attempt to identify themselves broadly as "commercial pilots" in this dispute, they are flight instructors at for-profit academies involved in training future commercial pilots.  The flight academies are not part of the transportation industry, and Plaintiffs' job duties that include flying planes with students do not necessarily make Plaintiffs transportation workers.

Moreover, for the § 1 exemption to apply, the worker must be involved in interstate commerce.  To determine whether a worker is so closely related to interstate commerce that he or she fits within the § 1 exception, courts consider non-exclusive factors.  *See Lenz*, 431 F.3d at 352 (citing *Lorntzen v. Swift Transp., Inc.,* 316 F. Supp. 2d 1093, 1097 (D. Kan. 2004); *Veliz v. Cintas Corp.,* No. C 03–1180 SBA, 2004 WL 2452851, at *6 (N.D. Cal. Apr. 5, 2004)).  Considering these factors in connection with the present facts, the Court does not find Plaintiffs' position persuasive.  Plaintiffs do not work in the transportation industry – they are flight instructors responsible for training future commercial pilots.  Plaintiffs are not *directly* responsible for transporting goods in interstate commerce, and any transportation of students across state lines is incidental to the training Plaintiffs are responsible for.  Plaintiffs, as flight instructors, are not within a class of workers for which special arbitration already existed at the time Congress enacted the FAA.  A strike by flight instructors, while possibly inconvenient for major airlines in the future when hiring pilots, would not disrupt interstate commerce in the present.

Considering these factors, the Court concludes that Plaintiffs are not transportation workers because even if Plaintiffs, as current and former flight instructors, incidentally transport flight students across state lines during their

training, Plaintiffs are not "actively engaged in transportation of goods across borders via the channels of foreign or interstate commerce" and do not "play a direct and necessary role in the free flow of goods across borders." *See Bissonette*, 601 U.S. at 256. "There is no indication that Congress would be any more concerned about the regulation of the interstate transportation activity incidental to [Plaintiffs'] employment as [flight instructors at for-profit flight academies], than it would in regulating the interstate 'transportation' activities of an interstate traveling pharmaceutical salesman who incidentally delivered products in his travels, or a pizza delivery person who delivered pizza across a state line to a customer in a neighboring town." *See Hill v. Rent-A-Center, Inc.*, 398 F.3d 1286, 1289-90 (11th Cir. 2005). To broaden the scope of the arbitration exemption in § 1 "to encompass any employment disputes of a worker employed by a company whose business dealings happen to cross state lines" would permit the exception to swallow the general rule requiring the enforcement of arbitration agreements. *Id.* at 1290.

Accordingly, the FAA's transportation worker exemption does not apply to Plaintiffs. Because the § 1 transportation worker exemption does not apply and Plaintiffs have not challenged the arbitration agreements on any other grounds, the Court finds that the arbitration agreements in this case are enforceable.[3] However, ATP is not entitled to dismissal of the action. In accordance with Eleventh Circuit precedent, this case must be stayed rather than dismissed. *See, e.g., Milestone v.*

---

[3] Because the Court finds that the arbitration agreements are enforceable under the FAA, it does not consider whether Plaintiffs can be compelled to arbitrate under Georgia law.

*Citrus Specialty Grp., Inc.*, No. 8:19-cv-2341-T-02JSS, 2019 WL 5887179, at *3

(M.D. Fla. Nov. 12, 2019) (citing *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698,

699 (11th Cir. 1992)); 9 U.S.C. § 3; *Giraud v. Woof Gang Bakery*, No. 8:17-cv-2442-T-

26AEP, 2018 WL 2057814 (M.D. Fla. May 3, 2018)).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendants' Motion to Compel Arbitration and Dismiss the Amended

Complaint, or in the Alternative, Stay Proceedings Pending Arbitration"

(Doc. 50) is **GRANTED** to the extent the Court finds that Defendants may

enforce the arbitration agreements in this case.

(2) The motion is **DENIED** to the extent that Plaintiffs' claims are not subject

to dismissal at this time.

(3) This case is **STAYED** pending the completion of arbitration, and the parties

are directed to notify the Court within (14) days of the resolution of the

arbitration proceedings.

(4) The Clerk is directed to terminate all pending motions and deadlines, and

thereafter close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this <u>31st</u> day of

October, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE